IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:05 CV-10-V

| ROGER M. BLAKENEY, | ) | |
| --- | --- | --- |
| Petitioner, | ) | |
| vs. | ) | ORDER |
| R.C. LEE, Warden, Central Prison Raleigh, North Carolina | ) | |
| Respondent | ) | |

This matter is before the Court upon Petitioner Roger M. Blakeney's August 7, 2007 Application for a Certificate of Appealability pursuant to 28 U.S.C. § 2253(c) and Federal Rule of Appellate Procedure 22. (Docket No. 50.) Petitioner seeks to appeal the Court's denial of Claims I, II, III, IV, VI, VII, VIII and XI of his Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254.

This Court may issue a certificate of appealability (hereinafter "COA") only if Petitioner has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). As the United States Supreme Court has stated, "'[w]here a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *See Miller-El v. Cockrell,* 537 U.S. 322, 338, 123 S.Ct. 1029 (2003) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595 (2000)). However, when a district court denies a claim on procedural grounds,

> a COA should issue when the petitioner shows, at least, that jurists of reason

would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack*, 529 U.S. at 484 (emphasis added).

From the captions in his application, it appears that Petitioner believes that he was entitled to an evidentiary hearing in the district court on each of his claims. "[A] district court may grant an evidentiary hearing in a § 2254 case only where the petitioner has 'allege[d] additional facts that, if true, would entitle him to relief' and has 'establish[ed] one of the six factors set forth in *Townsand v. Sain*, 372 U.S. 293, 312, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963).'"[1] *Robinson v. Polk*, 438 F.3d 350, 368 (4th Cir. 2006) (citation omitted).

Petitioner received an evidentiary hearing in the state post-conviction court on the issues raised in Claims I, III, IV, VI and VIII. He has failed to establish, indeed he does not argue, that any of the six factors identified in *Townsand* apply to any of these claims, and he has failed to "allege additional facts that, if true, would entitle him to relief." *See id*. Therefore, he was not entitled to an evidentiary hearing in the district court on any of these claims. The Court will address the evidentiary hearing issue for Claims II, VII and XI below.

CLAIM I:  *Ineffective Assistance of Counsel at Sentencing*

In Claim I of his federal habeas petition, Petitioner claimed that counsel were ineffective

---

[1] The six *Townsend* factors are as follows:
(1) the merits of the factual dispute were not resolved in the state hearing; (2) the state factual determination is not fairly supported by the record as a whole; (3) the fact-finding procedure employed by the state court was not adequate to afford a full and fair hearing; (4) there is a substantial allegation of newly discovered evidence; (5) the material facts were not adequately developed at the state-court hearing; or (6) for any reason it appears that the state trier of fact did not afford the habeas applicant a full and fair fact hearing.
*Fullwood v. Lee*, 290 F.3d 663, 681 n.7 (4th Cir. 2002).

for failing to conduct an adequate mitigation investigation for sentencing and for failing to adequately prepare their expert witness to testify.[2] This Court denied the claim on the merits.

However, the Court agrees with Petitioner that reasonable jurists could debate whether Petitioner has stated a valid claim of the denial of a constitutional right. Therefore, Petitioner's application for a COA on the merits of Claim I is GRANTED.

CLAIM II: *Batson and Batson-Related Ineffective Assistance of Counsel Claims*

In Claim II of his habeas petition, Petitioner raised an equal protection claim under *Batson v. Kentucky*, 476 U.S. 79, 89, 106 S.Ct. 1712 (1986), arguing that the prosecutor impermissibly excused all African American jurors at his trial and that the Union County District Attorney's Office had done the same in three other capital trials in the 1990s. The Court determined that Petitioner's *Batson* claim was procedurally defaulted. Petitioner claimed in the alternative that counsel were ineffective for failing to object when the prosecutor dismissed Robert Crawford, an African American juror, and for failing to present evidence to the trial court that the Union County District Attorney's Office had dismissed all African American jurors in three other capital trials during the 1990s. The Court denied this claim on the merits.

Petitioner was denied a hearing in the state court on these claims. However, he has failed to establish that any of the six factors identified in *Townsand* apply to these claims, and he has failed to "allege additional facts that, if true, would entitle him to relief." *Robinson*, 438 F.3d at 368. Therefore, he was not entitled to an evidentiary hearing in the district court.

---

[2]Petitioner asserts for the first time that counsel were ineffective for failing to investigate local Department of Social Services (hereinafter "DSS") involvement with his family over the years of his childhood. There is no evidence in the record provided to this Court that DSS was involved with Petitioner's family at any point during his childhood.

North Carolina rules require that a *Batson* objection be made at trial and that the issue be raised on direct appeal. *See State v. Adams*, 439 S.E.2d 760, 765 (N.C. 1994); N.C. R. App. P. 10(b)(1). Instead of following this procedure, Petitioner first raised his substantive *Batson* claim in post-conviction in his Motion for Appropriate Relief (hereinafter "MAR"). The MAR court held that the claim was procedurally barred because Blakeney had failed to object at trial to the prosecutor's use of a peremptory strike to remove Robert Crawford, thereby violating the state's contemporaneous objection rule and waiving the issue on direct appeal. (MAR Order 82-83, June 5, 2003.) Because the MAR court invoked independent and adequate state procedural rules to bar this claim, and Petitioner failed to show cause and prejudice to excuse the default, this Court determined that the claim was procedurally defaulted on federal habeas review. *See Ashe v. Styles*, 39 F.3d 80, 85 (4th Cir. 1994). The Court does not agree with Petitioner that jurists of reason would debate whether the Court was correct in its procedural ruling.

Nor does the Court agree with Petitioner that reasonable jurists would find the Court's resolution of his *Batson*-related ineffective assistance of counsel (hereinafter "IAC") claim debatable. Even if counsel were deficient for failing to present the trial court with cases in which the Union County District Attorney used peremptory strikes to dismiss African American jurors, Petitioner cannot show that he was prejudiced under *Strickland v. Washington*. 466 U.S. 668, 694 (1984). Therefore, Petitioner's application for a COA for Claim II is DENIED.

CLAIM III: *Brady Claim*

In Claim III of his habeas petition, Petitioner claimed that the prosecution failed to disclose material information exculpating him and relating to both impeachment and mitigating information in violation of *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194 (1963). The Court

4

denied this claim on the merits, determining that the prosecution had not suppressed the evidence at issue in this claim.

The Court does not agree with Petitioner that reasonable jurists would find the Court's resolution of this claim debatable. Therefore, Petitioner's application for a COA for Claim III is DENIED.

CLAIM IV: *IAC for Failing to Raise Accident Defense*

In Claim IV of his habeas petition, Petitioner claimed that counsel were ineffective for failing to adequately investigate and present evidence that accident could not be ruled out as a source of the fire that killed Callie Huntley. The Court denied the claim on the merits.

However, the Court agrees with Petitioner that reasonable jurists could debate whether Petitioner has stated a valid claim of the denial of a constitutional right. Therefore, Petitioner's application for a COA for Claim IV is GRANTED.

CLAIM VI: *Brady Claim Regarding Witness Statements*

In Claim VI of his habeas petition, Petitioner alleges that the prosecution suppressed statements by witnesses that would have corroborated portions of his statement to police and that would have provided a benign explanation for certain evidence that the prosecution used against him.[3] Petitioner also claimed that the prosecutor's failure to disclose these statements is evidence

---

[3] Petitioner asserts that the prosecutor failed to turn over evidence that several of Petitioner's family members had told the police about the victim's habit of spilling kerosene inside the house. The undersigned is baffled by Petitioner's continued repetition of this unsubstantiated allegation. As the Court noted in footnote 37 and later on page 69 of its Order denying the Petition for Writ of Habeas Corpus, none of the exhibits or statements at issue in this claim contain *any* reference to the victim spilling kerosene in the house. (Pet'r's Exs. 1-6) Indeed, none contain any reference to the victim filling the kerosene heater in the house. The Court concedes that it is possible that one or more of the exhibits provided to this Court is incomplete. However, if that is the case, the undersigned is surprised that Petitioner has not

5

of a pattern of conduct of suppressing material evidence in capital cases. Finally, Petitioner claims in the alternative that trial counsel were ineffective for failing to discover and use the aforementioned statements at trial. The Court rejected Petitioner's "pattern of conduct" claim on procedural grounds and Petitioner's other claims on the merits.

The Court does not agree with Petitioner that reasonable jurists would find the Court's resolution of these claims debatable. Therefore, Petitioner's application for a COA for Claim VI is DENIED.

CLAIM VII: *IAC for Failing to Object to Prosecutor's Arguments*

In Claim VII of his habeas petition, Petitioner claimed that counsel were ineffective for failing to object to certain statements made by the prosecution during closing arguments.[4] The Court concluded that this claim was procedurally defaulted.

The MAR court did not hold a hearing on this claim but denied it on procedural grounds. Petitioner has failed to establish that any of the six factors identified in *Townsand* apply to this claim, and he has failed to "allege additional facts that, if true, would entitle him to relief." *Robinson*, 438 F.3d at 368. Therefore, he was not entitled to an evidentiary hearing in the district court.

Nor does the Court agree with Petitioner that jurists of reason would debate whether the Court was correct in its procedural ruling. Therefore, Petitioner's application for a COA for his IAC claim is DENIED.

---

brought that fact to the Court's attention.

[4]In Claim VII of his habeas petition, Petitioner raised a substantive prosecutorial misconduct claim as well as the IAC claim. In the instant application, Petitioner does not seek a COA for the substantive prosecutorial misconduct claim.

CLAIM VIII: *Brady and IAC Claims Regarding Victim-Impact Evidence*

In Claim VIII of his habeas petition, Petitioner claimed that the prosecution withheld exculpatory victim-impact evidence. Petitioner claimed in the alternative that counsel were ineffective for failing to discover and introduce this evidence at sentencing. The Court denied these claims on the merits.

In his habeas petition, Petitioner argued that the opinions of the victim's daughter and Blakeney's mother regarding an appropriate sentence were relevant mitigating evidence for sentencing purposes. This Court rejected Petitioner's argument on several grounds, including that opinions regarding an appropriate sentence were not mitigating evidence because they did not pertain to Blakeney's character, his record or the circumstances of the crime. *See Lockett v. Ohio*, 438 U.S. 586, 604, 98 S.Ct. 2954 (1978) (plurality opinion) (Mitigating evidence is "any aspect of a defendant's character or record or any of the circumstances of the offense that the defendant proffers as a basis for a sentence less than death."). The Court does not believe that reasonable jurists would find the Court's resolution of these claims debatable. Therefore, Petitioner's application for a COA for Claim VIII is DENIED.

CLAIM XI: *Fair Cross-Section Claim*[5]

In Claim XI of his habeas petition, Petitioner claimed that his constitutional rights were violated because his jury did not represent a fair cross-section of the community. Petitioner also claimed that the venire from which his jury was drawn did not represent a fair cross-section of the community.

---

[5]In his application for a COA, Petitioner lists this claim as Claim IX. However, Petitioner's habeas attorney has confirmed that Petitioner is seeking a COA for Claim XI.

Petitioner raised the latter claim before the trial court and on direct appeal. The trial court considered this claim on the record when defense counsel moved several times to dismiss the jury venire because it allegedly did not represent a fair cross-section of the community. As for his claim that his constitutional rights were violated because his jury did not represent a fair cross-section of the community, Petitioner raised that claim for the first time on federal habeas review. It was unexhausted in the state courts, but the State did not raise exhaustion or procedural default as a defense. Therefore, the Court addressed the claim *de novo*. Petitioner seems to believe that he is entitled to a hearing in this Court on these claims, but he has failed to establish, indeed he does not argue, that any of the six factors identified in *Townsand* apply to these claims, and he has failed to "allege additional facts that, if true, would entitle him to relief." *Robinson*, 438 F.3d at 368.

The Court does not agree with Petitioner that jurists of reason would find the Court's resolution of these claims debatable or wrong. Petitioner has no constitutional right to a jury comprised of a fair cross-section of the community. *See Holland v. Illinois*, 493 U.S, 474, 480, 110 S.Ct. 803, 807 (1990) (citations omitted). While Petitioner has the right to a jury venire that represents a fair cross-section of the community, he has never asserted, much less shown, that the alleged under-representation of African Americans in his jury *venire* was due to systematic exclusion of the group. *See Duren v. Missouri*, 439 U.S. 357, 364, 99 S.Ct. 664, 668 (1979) (stating that to make a *prima facie* case for a violation of the Sixth Amendment right to a jury venire that represents a fair cross-section of the community, a defendant must show that the under-representation in the venire of a distinctive group from the community is due to systematic exclusion of the group in the jury selection process). For the foregoing reasons, Petitioner's

application for a COA for claim XI is DENIED.

IT IS HEREBY ORDERED THAT, Petitioner's Application for a Certificate of Appealability is GRANTED in part and DENIED in part.

Signed: October 19, 2007

Richard L. Voorhees
United States District Judge